**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **WAYNE CHANG**, | * |
|  | * |
| Plaintiff | * |
|  | * |
| v. | *   Case No. 06cv193 RWT |
|  | * |
| **DEPARTMENT OF THE NAVY**, | * |
|  | * |
| Defendant | * |
|  | * |

**MEMORANDUM OPINION**

On January 23, 2005, Wayne Chang ("Plaintiff") filed a Complaint, *pro se*, against the Department of the Navy ("Navy"). The Navy has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1); in the alternative, it moves for summary judgment. For the reasons articulated below, this Court will grant the Defendant's Motion by separate order.

**BACKGROUND**

In a letter dated August 8, 2005, Plaintiff requested a copy of the Naval Education and Training Command ("NETC") Inspector General report of investigation #28-04 ("Report") under the Freedom of Information Act ("FOIA"). *See* Attach. to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J., Attach. B ("Def. Attach."). The Report at issue involved Plaintiff's son, Daniel Chang ("Daniel"), a former midshipman assigned to the University of Virginia Naval Reserve Officer Training Corps ("NROTC") Unit.[1] *See generally* Report, at 1-11. Upon receiving

---

[1] The investigation detailed in the report centered around a Performance Review Board ("PRB") conducted on November 23, 2004, regarding Daniel Chang. *See* Report, at 1. A PRB was apparently conducted as a result of allegations that Daniel Chang had improperly looked up answers during an exam on or about November 12, 2004. *See id.* at 3, 8. Upon conclusion of the PRB, the Commanding Officer decided to disenroll Daniel Chang from NROTC. *See id.* at 3. The incident in question was also reported to the University Honor Committee in early December, 2004. *See id.* at 8-9.

authorization from Daniel, NETC sent a redacted copy of the Report to Plaintiff on or about September 7, 2005.  *See* Attach. D.

By letter dated October 10, 2005, Plaintiff appealed NETC's redactions of the Report, and requested an unredacted copy.  *See* Attach. E.  On December 6, 2005, Deputy Assistant Judge Advocate General Captain Lawson R. Almand partially granted Plaintiff's appeal.  *See* Attach. F.  Per Captain Almand's instructions, NETC provided Plaintiff with a still-partially redacted copy of the Report, with several additional sentences unredacted.  *See* Attach. I.

On January 23, 2006, Plaintiff instituted the instant action pursuant to 5 U.S.C. § 552(a)(4)(B).  In his Complaint, he seeks "a copy of the full & [sic] uncensored Naval Education Training (NETC) Inspector General (IG), investigation report #284" and "a judgement [sic] that my son's rights under The Fifth Amendment of The U.S. Constitution were violated[.]"

On May 17, 2006, Defendant filed a Motion to Dismiss or, in the alternative, for Summary Judgment.  Although Plaintiff failed to file a response to this Motion, Plaintiff asserts in his Memorandum for Court Order [Paper No. 22] that his Motion to Set Time for Third Parties to Respond ("Mot. to Set Time") [Paper No. 12] was filed as a timely response to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment.

Plaintiff has also filed several other motions, including a Motion to Set Time for Third Parties to Respond ("Mot. to Set Time") [Paper No. 12]; a Motion to File Documents Under Seal [Paper No. 15] and a "Request Send for Third Parties to Respond and Documents" [sic] [Paper No. 16], to which Defendant has filed a consolidated opposition [Paper No. 17]; a Motion to Release the Uncensored Navy Hotline Complaint #2005-01 (28-04) to Plaintiff's Son, Who is the Complainant and the Subject of the Complain [sic] or, in the Alternative, Grant Him the Access to Such

Document at Navy Yard ("Mot. to Release") [Paper No. 19]; and a Memorandum for a Motion to Release the Uncensored Navy Hotline Complaint to Plaintiff's Son ("Mem. to Release") [Paper No. 23].

## ANALYSIS

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), asserting that this Court lacks subject matter jurisdiction over Plaintiff's fifth amendment claim. As to Plaintiff's FOIA claim, Defendant moves for summary judgment.

<u>Motion to Dismiss</u>

Plaintiff seeks "a judgement [sic] that my son's rights under The Fifth Amendment of The [sic] U.S. Constitution were violated." Defendant responds this claim should be dismissed as Plaintiff lacks standing, because he has failed to allege that he has suffered an actual injury.

"There are three components of constitutional standing: (1) the plaintiff must allege that he or she suffered an actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the injury." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The Court must construe true all pleadings "as to do substantial justice," Fed. Rule Civ. P. 8(f), particularly as related to *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, if the problems with Plaintiff's complaint merely involved technical problems with his pleadings, the Court might be inclined to grant leave to Plaintiff to file an Amended Complaint. The facts of this case, however, do not warrant such action. It is clear that Plaintiff seeks a judgment concerning his son Daniel's Fifth Amendment rights, not his own. Accordingly, Plaintiff does not

have standing to raise this claim, *see*, *e.g.*, *Miller*, 462 F.3d at 316, and the Court must dismiss it pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.[2]

Motion for Summary Judgment

Plaintiff seeks "a copy of the full [and] uncensored Naval Education Training (NETC) Inspector General (IG), investigation report #284" under the FOIA. Defendant argues that its prior disclosures to Plaintiff, with redactions, were sufficient and proper under the FOIA, and that it is entitled to summary judgment.

The Freedom of Information Act ("FOIA") provides that federal agencies "upon any request for records which [] reasonably describes such records . . . shall make the records promptly available to any person." *See* 5 U.S.C. § 552(a)(3)(A). There are, however, exemptions from FOIA's general disclosure requirements, which "are designed to safeguard various public interests against the harms that would arise from overbroad disclosure." *Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004). *See generally* 5 U.S.C. § 552(b).

Should an agency withhold requested records, this Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B). The federal agency refusing to disclose a requested document under the FOIA has the burden of demonstrating that the document is subject to an exemption. *See* 5 U.S.C. § 552(a)(4)(B). *See also Hanson*, 372 F.3d at

---

[2] The need not make any findings as to the merits of Plaintiff's claim. The Court notes for the benefit of Plaintiff, however, that the Fifth Amendment generally bars *criminal defendants* from being tried twice for the same offense. *See generally* U.S. Const. amend. V. The Court is not aware of any criminal proceeding arising out of this case. Even if a person with standing were to bring this claim, the fact that Daniel suffered consequences within both the Navy and UVA for his alleged actions would not likely amount to a violation of the Fifth Amendment.

290.  "The government can meet this burden by describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions." *Id*.

As a general rule, FOIA determinations should be resolved on summary judgment. *Id*. Under Federal Rule of Civil Procedure 56(c), a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one that 'might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To avoid summary judgment, the non-moving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

In the instant case, Defendant admits that it failed to fully disclose the information contained in the Report to Plaintiff.  Defendant asserts, however, that the redactions are proper under Exemptions 5 and 6 of the FOIA. *See generally* 5 U.S.C. § 552(b)(5), (6).

Exemption 5 provides that agencies need not release "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 has been interpreted to apply to a broad range of privileged material, *see United States v. Weber Aircraft Corp.*, 465 U.S. 792, 800-901 (1984), including material covered by the executive deliberative-process privilege. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). This privilege, sometimes

referred to as the deliberative process privilege, "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency[,] . . . which would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position." *Id*. The agency should disclose any factual material segregable from the deliberative document. *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 89-91 (1973).

Exemption 6 provides that agencies need not release "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *See also* 32 CFR 701.59(f)(7) ("A clearly unwarranted invasion of the privacy of third parties identified in a personnel, medical or similar record constitutes a basis for deleting those reasonably segregable portions of that record."). This exemption "requires the Court to balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny," *see United States Dep't Of State v. Ray*, 502 U.S. 164, 175 (1991) (internal quotation marks omitted), and determine "the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495 (1994).

In support of its Motion, Defendant attaches the affidavit of Captain Lawson R. Almand ("Almand's Aff."). Almand notes that the first major redaction in the report, in Paragraph 2b, Page 2, includes "a recommendation by the Investigating Officer regarding two of Mr. Chang's allegations." Almand's Aff., at 4. The second, in Paragraphs 6c and 6d, Page 6, involved "the Investigating Officer's suggested changes to an NETC instruction undergoing revision." *Id*.

Moreover, throughout the document, "the names[,] as well as other personally identifying information[,] of several individuals related in various capacities to the investigation" were redacted. *Id*.

In his October 20, 2006 Memorandum for Court Order [Paper No. 22], Plaintiff asks this Court to treat his Motion to Set Time for Third Parties to Respond ("Mot. to Set Time") [Paper No. 12] as a response to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. The Court will do so. Nonetheless, even reading this and Plaintiff's numerous other pleadings broadly, "as to do substantial justice," Fed. Rule Civ. P. 8(f), Plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

Plaintiff attaches no affidavits in support of his position. Instead, he simply asserts that Daniel has "suffered the past two years for the honor offense he did not commit[,]" Mem. to Release, at 6, and notes that disclosure of the "report is an important step of the healing process" for Daniel. Mot. to Release, at 7. Plaintiff also points to various facts, ostensibly to support his position for full disclosure under the FOIA: Daniel signed an authorization form, permitting Plaintiff to request all information contained in the Report, *see* Mem. to Release, at 2; Daniel signed a request for the Report under the FOIA, *see* Mem. to Release, at 3; Plaintiff appealed the denial of his request, *see* Mem. to Release, at 4; Plaintiff knows the identities of most, if not all, of the persons whose names were redacted from the Report, *see* Mot. to Set Time, at 1; UVA intends to release records pertaining to Daniel, *see* Mot. to Set Time, at 2. None of these assertions has any bearing on the Court's analysis of the relevant exemptions under the FOIA.

Captain Almand describes the redactions under Exception 5 as opinions of the Investigating Officer; one as to the merit of the specific allegations in Plaintiff's case, and the other as to what

changes the writer believes should be made to NETC policy. As described, these statements clearly "reflect the personal opinions of the writer rather than the policy of the agency" and could "inaccurately reflect or prematurely disclose the views of the agency." *Coastal States*, 617 F.2d at 866. Furthermore, the agency has properly redacted only opinions from the report, and disclosed segregable factual material. *Mink*, 410 U.S. at 89-91. The redactions under Exception 6—deleting names and identifying information—are clearly intended to protect the privacy of the third parties interviewed in conjunction with the investigation of Daniel. While Plaintiff has provided no affidavit attesting to a public interest in the disclosure, Plaintiff's pleadings identify Daniel's "need for closure" as the public interest outweighing the third parties' privacy rights. This is insufficient, as the Court fails to see how this disclosure would in any way "contribut[e] significantly to public understanding of the operations or activities of the government." *See Federal Labor Relations Auth.*, 510 U.S. at 495. In sum, Defendant has met its burden of justifying non-disclosure of the requested information under the FOIA, as Captain Almand's Affidavit adequately describes "the withheld material with reasonable specificity and explain[s] how it falls under one of the enumerated exemptions." *Hanson*, 372 F.3d at 290.

## CONCLUSION

For the foregoing reasons, this Court will grant Defendant's Motions to Dismiss or, in the alternative, for Summary Judgment.


DATE:   11/2/06                                      /s/
                                          ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE